**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 07-4434**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARLON LAMONT LILES,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:02-cr-00204)

―――――――――

Submitted:  November 15, 2007      Decided:  November 21, 2007

―――――――――

Before WILLIAMS, Chief Judge, and MOTZ and DUNCAN, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

J. Charles Jones, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marlon Lamont Liles appeals his convictions and the 172-month sentence imposed after he pleaded guilty to one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841 (2000), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000). On appeal, counsel filed an Anders[1] brief, in which he states there are no meritorious issues for appeal, but questions whether the district court plainly erred in failing to conclude that Liles' criminal history category significantly overstated the seriousness of his prior crimes and sentencing Liles to 112 months on the drug count based on his status as a career offender. Liles was advised of his right to file a pro se supplemental brief, but has not filed a brief. We affirm.

We review a district court's sentence for reasonableness. United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). Liles does not contest that he was properly classified as a career offender pursuant to section 4B1.1 of the Sentencing Guidelines,[2] or otherwise suggest error in the district court's determination of his Guidelines range. Because Liles did not request a departure at sentencing, we review his claim for plain error. United States v. Olano, 507 U.S. 725, 732 (1993); Hughes, 401 F.3d at 547. Under

[1]Anders v. California, 386 U.S. 738 (1967).

[2]U.S. Sentencing Guidelines Manual (2001).

- 2 -

the plain error standard, Liles must show:  (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights.  Olano, 507 U.S. at 732-34.  Even when these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  Id. at 736 (internal quotation marks omitted).

Although a district court may depart on the basis that career offender status overstates a defendant's prior criminal history, "such departure, like all departures, are reserved for the truly unusual case."  United States v. Adkins, 937 F.2d 947, 952 (4th Cir. 1991).  Our review of the record leads us to conclude that Liles' case is not truly unusual and the district court did not err in failing to sua sponte depart from the Guidelines range. We further conclude that Liles' sentence, which is within the statutory maximum and the Guidelines range, is reasonable.  United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006); see Rita v. United States, __ U.S. __, 127 S. Ct. 2456 (2007) (upholding presumption of reasonableness).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.  We therefore affirm Liles' convictions and sentence.  This court requires that counsel inform Liles, in writing, of the right to petition the Supreme Court of the United States for further review.

If Liles requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Liles.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 4 -